IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Jermaine Harris, ) | C/A No. 0:14-187-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Tim Riley, *Warden of Tyger River* ) | |
| *Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Frederick Jermaine Harris, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Harris filed his petition *pro se* but is currently represented by counsel. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 40.) Counsel for Harris entered a notice of appearance on November 17, 2014 in which he indicated that he opposed the respondent's motion for summary judgment.[1] (ECF No. 50.) Having carefully considered the parties' submissions and the record in this case, the court finds that Harris's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

---

[1] November 17 was the deadline to file a response to the respondent's motion. Although counsel filed a notice of appearance on that date, he did not file a memorandum in opposition to the motion or a request for an extension of time.

Page 1 of 9



**BACKGROUND**

Harris was indicted in January 2002 in Greenville County for conspiracy, first degree burglary, and two counts of armed robbery. (App. at 334-340, ECF No. 39-1 at 336-43.) Harris was represented by Andrew Mackenzie, Esquire, and on December 2-3, 2002, was tried by a jury and found guilty as charged. (App. at 327, ECF No. 39-1 at 329.) The circuit court sentenced Harris to five years' imprisonment for conspiracy, and twenty-seven years' imprisonment for each of the remaining counts, all sentences to be served concurrently. (App. at 331-32, ECF No. 39-1 at 333-34.)

Harris timely appealed and was represented by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate Defense, who filed an Anders[2] brief on Harris's behalf. (ECF No. 349-56, ECF No. 39-1 at 351-58.) Harris filed a *pro se* response to the Anders brief. (ECF No. 39-3.) On March 30, 2004, the South Carolina Court of Appeals dismissed Harris's appeal. (State v. Harris, Op. No. 2004-UP-224 (S.C. Ct. App. March 30, 2004), ECF No. 39-4.) Harris did not file a petition for hearing.[3] The remittitur was issued on April 30, 2004. (ECF No. 39-5.)

Harris filed a *pro se* application for post-conviction relief on September 10, 2004 ("2004 PCR"). (Harris v. State of South Carolina, 04-CP-23-5954, ECF No. 39-6.) On April 8, 2005, the

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[3] According to the respondent, Harris served a petition for rehearing on the State on or about April 20, 2003; however, Harris does not appear to have filed this petition with the South Carolina Court of Appeals, and the Clerk of Court's records confirm that no such petition was filed nor order issued denying same.



PCR court held an evidentiary hearing at which Harris appeared and testified and was represented by Caroline Horlbeck, Esquire. By order filed May 18, 2005, the PCR court denied and dismissed Harris's PCR application with prejudice. (ECF No. 39-10.)

Harris filed a second *pro se* application for post-conviction relief on August 17, 2010 ("2010 PCR") raising as one of his issues that his prior PCR counsel failed to file an appeal from the denial of his 2004 PCR application. (Harris v. State of South Carolina, 10-CP-23-6750, App. at 358-69, ECF No. 39-1 at 360-71.) The State consented to Harris belatedly seeking appellate review of his prior PCR action, and on June 13, 2011, the court filed an order dismissing all issues in Harris's 2010 PCR application with prejudice as successive and granting Harris leave to file a belated petition to seek appellate review of his 2004 PCR application pursuant to Austin v. State.[4] (App. at 393-96, ECF No. 39-1 at 395-98.)

Harris, represented by Appellate Defender Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari and a Johnson[5] petition for a writ of certiorari pursuant to Austin v. State on February 8, 2012. (ECF Nos. 39-11 & 39-12.) Counsel for Harris also submitted a letter informing the court that no transcript existed from the 2004 PCR evidentiary hearing, and that the tapes from that hearing had been destroyed. (ECF No. 39-18.) Harris filed a *pro se* response to the Johnson petition. (ECF No. 39-20.) On July 11, 2013, the

---

[4] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



South Carolina Court of Appeals issued a letter requesting memoranda from counsel on whether Harris's case should be remanded to reconstruct the evidentiary hearing from the 2004 PCR action. (ECF No. 39-21.) Counsel for Harris filed a motion is support of remand, and the State filed a letter in opposition. (ECF Nos. 39-22 & 39-23.) On December 18, 2013, the South Carolina Court of Appeals issued an Order in which it denied the motion to remand to reconstruct the hearing, granted the petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied Harris's Johnson petition for a writ of certiorari from the final order in the 2004 PCR action. (ECF No. 39-24.) The remittitur was issued January 3, 2014. (ECF No. 39-25.)

Harris filed the instant Petition for a writ of habeas corpus on January 15, 2014.[6] (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[6] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.   **Statute of Limitations**

The respondent argues that Harris's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Harris

filed a direct appeal, his conviction became final on April 14, 2004—the expiration of the time in which Harris could have timely filed a petition for rehearing with the South Carolina Court of Appeals following the issuance of the South Carolina Court of Appeals's order dismissing Harris's appeal.[7] See Rule 221(a) SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on April 14, 2004 and expired April 13, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Harris filed his first state PCR application on September 10, 2004. At that point, 149 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations

---

[7] Because Harris did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009 the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Harris's direct appeal.



was tolled during the pendency of the 2004 PCR action. The PCR court filed its order dismissing Harris's petition on May 18, 2005. As no appeal was filed from this order, this decision became final on June 17, 2005—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. See, e.g., Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001) (indicating that the statute of limitations is tolled pursuant to § 2244(d)(2) during the "Appeal Period," which is defined as "the interval between the lower court decision and the deadline for seeking review") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). At this time, Harris had 216 days of statutory time remaining, which means that Harris had until January 19, 2006 to file a timely federal habeas corpus petition.

Harris filed a second PCR application on August 17, 2010. However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Even though the court granted Harris a belated appeal in his 2010 PCR action pursuant to Austin from his 2004 PCR application, this does not entitle Harris to toll the time between the PCR actions. See McHoney v. South Carolina, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and the state court's allowance of a belated appeal of that PCR application and thus the AEDPA's limitations period was not tolled during this time); Hepburn v. Eagleton, C/A No. 6:11-cv-2016-RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) (same); see also Evans v. Chavis, 546 U.S. 189, 192 (2006) ("[T]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the

prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (emphasis in original); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). Thus, Harris's 2010 PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action. Harris's federal Petition was filed on January 15, 2014—almost eight years after the expiration of the statute of limitations.

As stated above, counsel for Harris entered a notice of appearance on November 17, 2014 in which he stated that he opposed the respondent's motion for summary judgment, but included no specific arguments. Accordingly, Harris has failed to refute the respondent's evidence regarding the untimeliness of his Petition.

## RECOMMENDATION

Based upon the foregoing, the court finds that Harris's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 38) be granted and Harris's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 24, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).