

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| FREDERICK JERMAINE HARRIS,         § | |
| Petitioner,         § | |
| § | |
| vs.         § | CIVIL ACTION NO. 0:14-187-MGL |
| § | |
| TIM RILEY, *Warden of Tyger River*         § | |
| *Correctional Institution*,         § | |
| § | |
| Respondent.         § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PETITIONER'S HABEAS PETITION AS UNTIMELY

This case was filed as a 28 U.S.C. § 2254 action. Petitioner was proceeding pro se when he filed this action but has subsequently obtained private counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed as untimely. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

This case has somewhat of a tortured procedural history. As is relevant here, Petitioner filed his first PCR application on September 10, 2004. The PCR court filed its order dismissing Petitioner's application on May 18, 2005. Because no appeal was taken from the PCR court's dismissal of Petitioner's first PCR application, the decision became final on June 17, 2005. *See* SCAR 203(b)(1). Petitioner filed a second PCR application on August 17, 2010, in which he argued that counsel in his first PCR failed to file an appeal of his 2004 PCR dismissal. On December 18, 2013, the South Carolina Court of Appeals granted Petitioner's request for a belated review of the Order of Dismissal from Petitioner's first PCR action, reviewed the Order, counsel's brief and Petitioner's pro se filing, and denied relief. On January 3, 2014 the Court of Appeals issued the remittititur. Petitioner then filed his § 2254 petition with this Court on January 14, 2014.

Respondent filed his motion for summary judgment on August 25, 2014. On November 17, 2014, the date that Petitioner's response to Respondent's motion for summary judgment was due, counsel for Petitioner filed a document titled "Notice of Appearance" in which he stated: "Please note the entry of appearance of J.J. Andrighetti of the firm Kehl Culbertson Andrighetti & Kornfeld, LLC, as counsel of record for the Petitioner, Frederick Jermaine Harris. By way of this Notice, the Petitioner also notices the Court of his opposition to the Respondent's Motion of Summary Judgment." Thereafter, on November 24, 2014, the Magistrate Judge filed her Report recommending that Petitioner's habeas petition be dismissed as untimely, Report 8, and noting that "[a]lthough counsel filed a notice of appearance. . . , he did not file a memorandum in opposition to the motion [for summary judgment] or a request for an extension of time," Report 1 n.1.

On November 26, 2014, counsel for Petitioner filed a motion for an extension of time to file a response to Respondent's motion for summary judgment. In granting the motion for an extension of time, this Court stated that "Petitioner shall have until December 12, 2014, to file his objections to the Report and Recommendation. Petition[er] must file specific objections as described on page nine of the Report and Recommendation. Any arguments that Petitioner wishes to make in opposition to Respondent's motion for summary judgment should be set forth in his objections." ECF 53. On December 12, 2014, counsel for Petitioner filed a document with the Court titled "Memorandum of Law in Opposition to Respondent's Motion for Summary Judgment" (Memorandum in Opposition). On that same date, he filed a motion for an extension of time to file a supplemental memorandum in opposition to Respondent's motion for summary judgment. On January 16, 2015, the Court filed an order giving counsel until January 23, 2015, to file his supplemental memorandum. As of the date of this Order, no supplemental memorandum has been filed. Therefore, the case is ripe for review.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, provides that

> (d)(1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2). The Supreme Court has made clear, however, "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But, a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In Petitioner's Memorandum in Opposition, he argues that "[Petitioner's] objection to the Magistrate Judge's recommendation is not based on a miscalculation of dates or numbers, but rather is based on the fact that [Petitioner] seeks equitable tolling of his time to file." Memorandum in Opposition 4. To be more specific, according to Petitioner, the Court should equitably toll the statute of limitations for the filing of his § 2254 from June 17, 2005, the date that Petitioner's first PCR became final, until January 3, 2014, the date that the South Carolina Court of Appeals issued its remittititur as to Petitioner's belated appeal of his first PCR application. Memorandum in Opposition 5. The Court, however, is unpersuaded that equitable tolling is appropriate in this instance.

The Seventh Circuit has correctly stated that

>[n]o rule of thumb emerges from the cases on how long prisoners may take to discover their lawyers' missteps, and we hesitate to pick a

4

> magic number. *Compare, e.g., Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir.2004) (diligent prisoner may wait at least 2 months before even inquiring into whether counsel followed instructions), and [*Wims v. United States*, 225 F.3d 186, 191 (2d Cir. 2000) (5 months may be reasonable), with [*Anjulo–Lopez v. United States*, 541 F.3d 814, 816, 819 (8th Cir. 2008)] (3–month wait is too long), and *Montenegro v. United States*, 248 F.3d 585, 588, 593 (7th Cir. 2001] (10–month wait is too long, at least if prisoner receives up-to-date docket sheet after 6 months). The weight of this authority suggests that a reasonable prisoner may take at least two months–the time Ryan needs–to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion.

*Ryan v. United States*, 657 F.3d 604, 607-08 (7th Cir. 2011).

As noted above, Petitioner failed to pursue his rights from June 2005, when the decision on his first PCR became final–until August 2010, when he filed his second PCR application, wherein he maintained that his first PCR counsel failed to file an appeal. In other words, he waited over five years before he did anything to pursue his rights. Thus, to suggest "(1) that [Petitioner] [had] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing, *Pace*, 544 U.S. at 418, strains the bounds of credulity. Consequently, the Court declines Petitioner's invitation to apply equitable tolling in this instance. As such, the Court overrules this objection.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED** as untimely.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of

5

appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of January, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE